*366 SILVERMAN, Circuit Judge,
dissenting:
As I see it, Williams’s guilty plea — in which he specifically admitted that his crime involved more than five kilograms of cocaine — triggered the ten-year statutory mandatory minimum without further ado. See 21 U.S.C. § 841(b)(l)(A)(ii). Since such a sentence is, indeed, mandatory, the parties could not legally stipulate to a procedure allowing the sentencing judge to go below the mandatory minimum. See United States v. Haynes, 216 F.3d 789, 799 & n. 8 (9th Cir.2000). If Williams wanted to preserve his argument that he had been entrapped as far as the quantity of drugs was concerned, he should not have pled guilty to the drug quantity charged in the indictment. Once he did so, his goose was cooked. See United States v. Briggs, 623 F.3d 724, 780 (9th Cir.2010).
If Williams was misled to enter his plea under the mistaken impression that he could both plead guilty to a crime involving one hundred kilograms of cocaine and also claim sentencing entrapment before the sentencing judge, his remedy would be to withdraw his plea. But that’s not what he seeks to do.
Turning to Williams’s conditional cross appeal of the denial of his requested jury instruction, we have held that drug types and quantities triggering higher statutory maximum sentences under 21 U.S.C. § 841(b) are jury questions under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See United States v. Buckland, 289 F.3d 558, 568 (9th Cir.2002) (en banc). So too are defenses to those drug types and quantities. See United States v. Escobar de Bright, 742 F.2d 1196, 1201-02 (9th Cir.1984); Jacobson v. United States, 503 U.S. 540, 548-49, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992). Thus, the district court erred in holding that Williams could not try to a jury his defense that he was entrapped as to the drug quantity.
I would reverse Williams’s conviction and sentence and remand the case for trial.